**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MICHEL EMILIO FONTES DE FARIA,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**LUIS SOTO, et al.,**<br><br>**Respondents.** | **Civil Action No. 26-10141 (RK)**<br><br>**MEMORANDUM OPINION** |

IT APPEARING THAT:

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") brought by Petitioner Michel Emilo Fontes De Fario, who is presently detained by Immigration and Customs Enforcement ("ICE") at the Delaney Hall Detention Facility, New Jersey. (ECF No. 1 at ¶ 1.)

2. Petitioner is a citizen of Brazil. (*Id.* ¶ 2.) He entered the United States on August 22, 2010, on a visa and overstayed. (*Id.*) On August 8, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE"). (*Id.* ¶ 3.) This Petition followed shortly thereafter on August 11, 2026. (ECF No. 1.)

3. Respondents filed an expedited answer on August 14, 2026, which notified the Court that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and that he has not requested a bond hearing. (ECF No. 6 at 2). They also provided copies of Petitioner's Notice of Custody Determination and the I-200 Warrant issued in connection with his detention. (ECF Nos. 6-3, 6-4.)

4. The Court issued a Text Order to Show Cause on August 18, 2026, directing Petitioner to clarify whether he has sought a bond hearing and to show cause why the Petition should not be dismissed for failure to exhaust administrative remedies. (ECF No. 9.)

5. Petitioner filed a letter conceding that he had a bond hearing scheduled but that he withdrew the bond hearing request; he contends, however, that the Court still has jurisdiction to rule on the underlying claims in the Petition. (*See* ECF No. 10.) He does not address the fact that his Petition is premised on his purported unlawful detention under 8 U.S.C. § 1225(b)(2), which is not the statute that governs his detention.

6. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and that custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has habeas jurisdiction over Petitioner's claims because he is detained within this District. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

7. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress[.]" *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). As relevant here, § 1226(a) and its implementing regulations require the Department to "provide detainees with a 'prompt

bond hearing.'" *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).

8. Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-cv-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)).

9. Courts in the Third Circuit have excused exhaustion in habeas cases where the immigration courts would be required to dismiss bond hearings pursuant to the BIA decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See, e.g., Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026).

10. Given that Petitioner was scheduled for a bond hearing, it would not be futile to require exhaustion in this case. Indeed, Respondents concede that Petitioner is being detained pursuant to § 1226(a), and he is entitled to receive an individualized bond hearing. Therefore, he must follow through with that procedure before seeking habeas relief from the federal courts.

11. Accordingly, the Petition is dismissed without prejudice for failure to exhaust administrative remedies. An appropriate order follows.

Dated: September 16, 2026

ROBERT KIRSCH
United States District Judge